the creditors named therein had been consulted, and the mortgage is not being foreclosed at the instance of the creditors, the real parties, but at the instance of the Holgate Company, which knows it has failed to comply with its contract, and knowing this gave the mortgage and is now having it foreclosed, hoping that petitioner will pay out more money rather than be forced to litigate in a distant forum. The Holgate Company is insolvent. Petitioner prays for injunction against the sheriff, and that the various creditors named be enjoined from proceeding to enforce their mortgage, etc.

Harrell as trustee for the creditors made answer in which the material allegations of the petition were denied. The judge granted the injunction prayed for, and defendants excepted.

E. A. HAWKINS and DONALSON & HAWES, for plaintiffs in error.

WHEATLEY & FITZGERALD and B. P. HOLLIS, *contra*.

---

STEELE LUMBER CO. *v.* LAURENS LUMBER CO. *et al.*

Under the special and peculiar facts appearing in the record, there was no abuse of discretion in appointing a receiver with the directions, limitations and restrictions mentioned in the order.

April 17, 1893. Argued at the last term. *Judgment affirmed.*

Petition for receiver, etc. Before Judge ROBERTS. Dodge county. November 5, 1892.

CANDLER & THOMSON and J. E. WOOTEN, for plaintiff in error. HAYGOOD, LOVETT & PLYER, E. A. SMITH and DeLACY & BISHOP, *contra*.